UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 21-0346 FMO (SHKx) | Date | April 19, 2021 |
|---|---|---|---|
| Title | Alfredo Hernandez, et al. v. Vin-Mar Auto, Inc., et al. | | |

JS - 6

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:   Attorney Present for Defendant:

None Present   None Present

**Proceedings:**   (In Chambers) Order Remanding Action

On February 1, 2021, Alfredo Hernandez and Monica Hernandez ("plaintiffs") filed the operative Second Amended Complaint ("SAC") in the San Bernardino County Superior Court ("state court") against Vin Mar Auto, Inc. and Hudson Insurance Company (collectively, "defendants"), as well as other defendants, asserting claims under California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code §§ 1790 et seq., as well as the Magnuson-Moss Warranty Act ("Magnuson-Moss Act"), 15 U.S.C. §§ 2301 et seq., arising from the purchase of a vehicle in 2018. (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 1-3); (Dkt. 1-41, SAC at ¶¶ 16-40). Defendants removed the action on federal question grounds. (See Dkt. 1, NOR at ¶¶ 3-4).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33, 123 S.Ct. 366, 370 (2002); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 21-0346 FMO (SHKx) | Date | April 19, 2021 |
|---|---|---|---|
| Title | Alfredo Hernandez, et al. v. Vin-Mar Auto, Inc., et al. | | |

the action to state court.[1]  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

The court's review of the NOR and state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter.  See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").  In other words, plaintiffs could not have originally brought this action in federal court, as plaintiffs do not competently allege facts supplying diversity or federal question jurisdiction.  Therefore, removal was improper.  See 28 U.S.C. § 1441(a).

Defendants contend that federal question jurisdiction exists based merely on the inclusion of a claim under the Magnuson-Moss Act.  (See Dkt. 1, NOR at ¶¶ 3-4).  However, they have not shown that the amount in controversy exceeds $50,000 pursuant to 15 U.S.C. § 2301.  (See, generally, Dkt. 1, NOR at ¶¶ 3-4); see also 15 U.S.C. § 2310(d)(3)(B) ("No claim shall be cognizable . . . if the amount in controversy is less than the sum or value of $50,000[.]").  Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendants have met their burden.  Thus, there is no basis for federal question jurisdiction based on 15 U.S.C. § 2301.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of San Bernardino for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2.  The Clerk shall send a certified copy of this Order to the state court.

3.  Any pending motion is denied as moot.

Initials of Preparer          vdr

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).